11 F.3d 1074
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edmund J. GARSTKIEWICZ, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3083.
 United States Court of Appeals, Federal Circuit.
 Nov. 18, 1993.
 
 Appealed from Merit Systems Protection Board.
 John P. Gamlin, John P. DiFalco & Associates, P.C., Fort Collins, CO, submitted for petitioner.
 Joan C. Goodrich, Sr. Atty., Office of Labor Law, U.S. Postal Service, Washington, DC, submitted for respondent. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., Dept. of Justice and R. Andrew German, Asst. Gen. Counsel. Of counsel were James M. Kinsella, Atty. and David M. Cohen, Director.
 MSPB
 ON MOTION.
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ORDER
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 By decision dated December 8, 1992, this court awarded petitioner his attorney's fees and expenses on this appeal. Respondent contests the hourly rate, and 4.9 of the total hours.
 
 
 2
 Petitioner argues that there is limited availability of attorneys qualified in federal employment law in Fort Collins, Colorado. Although this was not the simple, readily won case in which the respondent now casts it, the Supreme Court's view as expressed in Pierce v. Underwood, 487 U.S. 552, 572 (1988) weighs against upward adjustment absent extraordinary considerations. Thus we decline to authorize an increased maximum rate on this ground.
 
 
 3
 However, the statutory cap of $75 per hour, which was first set in 1981, may be adjusted for inflation in accordance with 28 U.S.C. Sec. 2412(d)(2)(A). Such adjustment is appropriate in this case. Applying the figures provided by respondent, as published by the Bureau of Labor Statistics, the maximum hourly rate for the 1991 billings shall be $117 and for the 1992 billings shall be $119. Petitioner has adequately supported the number of billable hours.
 
 ACCORDINGLY, IT IS ORDERED THAT:
 
 4
 1. Attorney fees shall be recovered in accordance with the statement on behalf of petitioner filed on January 4, 1992, at the maximum rate of $117 for 1991 fees and $119 for 1992 fees.
 
 
 5
 2. Expenses other than those requested in the Bill of Costs are approved in the amount of $261.28.
 
 
 6
 3. Petitioner shall submit a recalculated statement to the respondent, who shall pay the amount due within 20 days thereafter.